[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Ernest G. Thompson, challenges the trial court's imposition of consecutive sentences and the court's determination that he is a sexual predator.
 {¶ 2} On July 24, 2000, the Lake County Grand Jury indicted appellant on the following charges: (1) one count of rape, in violation of R.C. 2907.02(A)(1)(b); three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4); and two counts of corruption of a minor, in violation of R.C. 2907.04(A). The charges, which occurred over an approximate nine-year period of time, involved appellant's two step-nieces and one of the girls' young friends. Appellant waived his right to be present at his arraignment, and the trial court entered a not guilty plea to all six charges on appellant's behalf.
 {¶ 3} Following negotiations with the state, appellant withdrew his earlier not guilty plea and entered a written plea of guilty to one count of corruption of a minor and to two counts of gross sexual imposition. The trial court accepted appellant's guilty plea, entered a nolle prosequi with respect to the remaining charges, and referred appellant to the Lake County Probation Department for the preparation of a presentence investigation report, a psychiatric evaluation, and the submission of victim impact statements.
 {¶ 4} On March 30, 2001, the trial court conducted a sentencing/sexual offender classification hearing. At the beginning of the proceedings, appellant's attorney stipulated on the record that under R.C. Chapter 2950 appellant was a sexual predator. After accepting appellant's stipulation, the trial court considered the record before it and independently found, by clear and convincing evidence, that appellant was a sexual predator. The court then sentenced appellant to four years on the first count of gross sexual imposition and one year on the second, and ordered him to serve one year for corruption of a minor, with the sentences to be served consecutively.
 {¶ 5} From this decision, appellant filed a timely notice of appeal with this court. He now submits the following assignments of error for our review:
 {¶ 6} "[1.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences.
 {¶ 7} "[2.] The defendant-appellant was deprived of due process of law and his statutory right to be represented by counsel as a result of his trial counsel's ineffective assistance at his sexual predator hearing[.]
 {¶ 8} "[3.] The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence[.]"
 {¶ 9} Under his first assignment of error, appellant argues that the trial court erred when it sentenced him to serve consecutive sentences without making the statutorily mandated findings. In the alternative, appellant submits that if the trial court made the required findings, consecutive sentences were inappropriate because they were not necessary to protect the public from future crime and were disproportionate to the danger he posed to the public.
 {¶ 10} In accordance with R.C. 2953.08, our review of a felony sentence is de novo. State v. Raphael (Mar. 24, 2000), 11th Dist. No. 98-L-262, 2000 WL 306776, at 2. However, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4, quoting State v. Rose (Sept. 15, 1997), 12th Dist. No. CA96-11-106, 1997 Ohio App. LEXIS 4161, at 5. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Thomas at 4.
 {¶ 11} When imposing consecutive sentences, the trial court must make the findings contained in R.C. 2929.14(E)(4) on the record. Statev. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4. In doing so, the trial court must first determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Next, the trial court must find that one of the following factors listed in R.C.2929.14(E)(4) is also present: (a) that the offender was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. Norwood at 4.
 {¶ 12} The court must also follow the requirements set forth in R.C. 2929.19(B) when sentencing an offender to consecutive sentences under R.C. 2929.14. State v. Hoskins (Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 WL 276935, at 3. Specifically, R.C. 2929.19(B)(2)(c) requires that the trial court justify its imposition of consecutive sentences by making findings that gives the court's reasons for selecting that particular sentence.
 {¶ 13} Here, the sentencing entry contains the following discussion with respect to the factors under R.C. 2929.14(E)(4):
 {¶ 14} "Pursuant to Revised Code Section 2929.14(E) the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public, and the harm caused by the multiple offenses committed by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct."
 {¶ 15} The transcript of the sentencing/ sexual offender classification hearing is also very brief. After weighing the seriousness and recidivism factors in R.C. 2929.12, the trial court made the following findings:
 {¶ 16} "The Court finds further that the minimum sentence in this case would demean the seriousness of the offense, would not adequately protect the public and the Court finds that consecutive sentences arenecessary in order to protect the public or to punish the offender andare not disproportionate to the seriousness of the offender's conduct andthe danger the offender poses to the public." (Emphasis added.)
 {¶ 17} As can be seen from the sentencing entry and transcript, the trial court made an effort to comply with R.C. 2929.14(E)(4). However, it appears that the trial court was simply mimicking the language in the statute when doing so. Nowhere in the record is there any indication as to why the trial court believed consecutive sentences were appropriate in this case.
 {¶ 18} Having said that, the trial court did find that appellant's position of trust facilitated his actions, that the victims suffered psychological harm, and that appellant did not display any genuine remorse for his conduct. Although the findings made by the trial court may be inferred to support a finding that consecutive sentences were warranted, they were clearly made while the trial court was discussing the seriousness and recidivism factors in R.C. 2929.12. As a result, because the trial court did not give its reasons for imposing consecutive sentences in accordance with R.C. 2929.19(B)(2)(c), appellant's first assignment of error has merit.
 {¶ 19} Under his second assignment of error, appellant argues that he received ineffective assistance of counsel during the sexual offender classification hearing. Appellant maintains that when his trial counsel stipulated that he was a sexual predator, it deprived him of the opportunity to testify, present evidence, call and examine witnesses, and cross-examine those witnesses called by the state. We disagree.
 {¶ 20} The standard for determining whether or not a criminal defendant has been afforded his right to effective assistance is well settled in Ohio. To be successful on such a claim, a criminal defendant must meet the two-pronged test originally articulated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, and subsequently adopted by the Supreme Court of Ohio in State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
 {¶ 21} First, a defendant must be able to show that his trial counsel was deficient in some aspect of his representation. Bradley at 141. This requires a showing that trial counsel made errors so serious that, in effect, the attorney was not functioning as the "counsel" guaranteed by both the United States and Ohio Constitutions. Id.
 {¶ 22} Second, a defendant must be able to show that the deficient performance prejudiced his defense. Id. at 142. This requires a showing that there is "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 142.
 {¶ 23} There is a strong presumption in Ohio that a licensed attorney is competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. Accordingly, to overcome this presumption, a defendant must show that the actions of his attorney did not fall within a range of reasonable assistance. State v. Smith (Dec. 22, 2000), 11th Dist. Nos. 99-P-0039 and 99-P-0040, 2000 Ohio App. LEXIS 6115, at 18. Debatable strategic and tactical decisions will not form the basis of a claim for ineffective assistance of counsel, even if there had been a better strategy available. State v. Phillips, 74 Ohio St.3d 72, 85, 1995-Ohio-171.
 {¶ 24} Appellant does not argue that his stipulation was somehow invalid or otherwise defective. In fact, he has provided no evidence suggesting that he did not agree to the sexual predator stipulation. Accordingly, without anything to indicate that the stipulation was involuntarily or unknowingly made, appellant's attorney was not obligated to introduce evidence on appellant's behalf. See State v. Quinn, 2d Dist. No. 1577, 2002-Ohio-5540, at ¶ 16 (holding that "a defendant's acknowledgment that he is a sexual predator seems to be `the best evidence that the State could present to the court to that effect.'");State v. McCarthy, 7th Dist. No. 01 BA 33, 2002-Ohio-5185, at ¶ 22 (holding that "a defendant can waive his right to a hearing and stipulate that he should be classified as a sexual predator."); State v. Martin, 6th Dist. No. L-01-1214, 2002-Ohio-1870; State v. Rogers, 7th Dist. No. 01 CO 5, 2002-Ohio-1150; State v. Carnail (Nov. 8, 2001), 8th Dist No. 78921, 2001 WL 1382870, at 1 (holding that "a stipulation to a sexual predator classification is automatic and relieves the court of any need to conduct a hearing.").
 {¶ 25} Nevertheless, we have serious concerns about the trial court's acceptance of appellant's stipulation. Specifically, other than informing appellant that, as a sexual predator, he would have reporting requirements for the rest of his life, the trial court did not advise appellant of his opportunity to testify, present evidence, call and examine witnesses, or cross-examine those witnesses presented by the state. Although this is a civil proceeding, a trial court should take the necessary steps to ensure that a person who stipulates to a sexual predator classification is doing so with the necessary information to make a reasoned decision.
 {¶ 26} Here, however, even assuming that appellant had not validly stipulated to the sexual predator label, there was no prejudice. The trial court not only accepted appellant's stipulation, but it reviewed the record, including appellant's presentence investigation report and psychiatric evaluation, and found clear and convincing evidence that appellant was a sexual predator.
 {¶ 27} Furthermore, appellant's reliance on State v. Pipher (Feb. 21, 2001), 9th Dist. No. 00CA0047, 2001 WL 169004, is misplaced. InPipher, the defendant's attorney requested a continuance of the sexual offender classification hearing to allow the defendant the opportunity to pursue treatment. When the trial court denied the request, the defendant's attorney informed the trial court that she would not do anything at the hearing and would encourage her client to appeal on the basis of ineffective assistance of counsel.
 {¶ 28} On review, the appellate court concluded that the defendant's attorney's actions clearly constituted deficient performance. However, in light of the overwhelming evidence that supported the trial court's classification of the defendant as a sexual predator, there was no reasonable probability that the outcome of the hearing would have been different.
 {¶ 29} The same can be said in the case at bar. Even if appellant's attorney should have presented evidence in appellant's favor, based on the record before us, a reasonable probability does not exist that the outcome would have been different. As will be discussed further, there is a substantial amount of evidence in both the presentence investigation report and appellant's psychiatric evaluation to support the trial court's decision. Appellant's second assignment of error, therefore, is not well-taken.
 {¶ 30} In his third and final assignment of error, appellant contends that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. Specifically, appellant argues that there is no clear and convincing evidence indicating that he is likely to commit a sexual offense in the future.
 {¶ 31} R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior again in the future. In applying this definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. See R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus. See, also,State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio 247.
 {¶ 32} To assist a trial court in determining whether or not a particular person is a sexual predator, R.C. 2950.09(B)(2) sets forth a list of nonexclusive factors that a court must consider. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender used alcohol or drugs to impair or incapacitate the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; (9) whether the offender acted cruelly in committing the underlying sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 33} In applying the foregoing factors, the appellate courts of this state have held that a finding of likely recidivism can be made even though a majority of the factors are not relevant in a given case. Statev. Head (Jan. 19, 2001), 11th Dist. No. 99-L-152, 2001 Ohio App. LEXIS 160, at 4. Furthermore, a trial court can give greater weight to one factor over another if it is warranted under the specific facts of the case. State v. Swick, 11th Dist. No. 97-L-254, 2001-Ohio-8831.
 {¶ 34} When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 35} After accepting appellant's stipulation, the trial court proceeded to independently find that appellant was a sexual predator. The record shows that the trial court considered each of the factors under R.C. 2950.09(B)(2) and concluded that there was clear and convincing evidence that appellant is a sexual predator. In particular, the trial court found that appellant had committed a sexually oriented offense, and that he was likely to engage in that type of behavior again in the future.
 {¶ 36} To support this second conclusion, the trial court found the following factors to be relevant:
 {¶ 37} "a.) [Appellant] is forty-nine (49) years of age;
 {¶ 38} "c.) The victims of the sexually oriented offense for which sentence was imposed were between five (5) to fourteen (14) years of age at the time of the crime;
 {¶ 39} d.) The sexually oriented offense for which the sentence was imposed involved multiple victims;
 {¶ 40} "g.) [Appellant] does have mental illnesses or mental disabilities which include pedophilia, severe depression, and post traumatic stress disorder;
 {¶ 41} "h.) The nature of [appellant's] sexual conduct, sexual contact, or interaction in a sexual context included touching of [the] victim's buttocks and vaginal area, digital penetration and forced touching of [appellant's] penis. [Appellant's] sexual actions were part of a demonstrated pattern of abuse;
 {¶ 42} "i.) The nature of [appellant's] actions during the commission of the sexually oriented offence [sic] displayed cruelty or threats of cruelty[.]"
 {¶ 43} After reviewing the record in this case, we conclude that the trial court's judgment finding appellant to be a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence. The facts show that appellant sexually assaulted three victims on numerous occasions over an approximate nine-year period of time. The nature of this sexual conduct demonstrated a pattern of abuse, which was facilitated by appellant's relationship with the victims. Moreover, appellant has steadfastly refused to accept responsibility for his conduct.
 {¶ 44} As this court has noted in similar situations, such "deviant behavior shows such a disregard for our most basic taboos that the risk of recidivism must be considered great." State v. Heym (Dec. 22, 2000), 11th Dist. No. 99-L-192, 2000 WL 1876648, at 4. See, also,Swick, at 26; State v. Brown, (Sept. 21, 2000), 11th Dist. Nos. 98-L-257 and 98-L-258, 2001 Ohio App. LEXIS 4288, at 9-10. The young age of the victims, combined with their relationship with appellant and his inability or refusal to appreciate his actions, all attest to appellant's likelihood of engaging in similar acts in the future.
 {¶ 45} Accordingly, based on the totality of the circumstances, there was some competent, credible evidence supporting a firm belief that appellant had committed a sexually oriented offense and was likely to commit another such offense in the future. Appellant's third assignment of error has no merit.
 {¶ 46} Based on the foregoing analysis, appellant's first assignment of error is well-taken, and his second and third assignments of error are not. As a result, the judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion. On remand, the trial court is instructed to give its reasons, on the record, for selecting consecutive sentences.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.